GARCÍA *v.* THE SAN JUAN LIGHT AND TRANSIT COMPANY.

APPEAL from the District Court of San Juan, Section 1.

No. 662.—Decided May 23, 1911.

OPINION OF TRIAL JUDGE—TRANSCRIPT OF RECORD.—The opinion of the trial judge is not a necessary part of the record, but should any be delivered it is good practice to include the same in the transcript of the record sent to the Supreme Court for a more thorough understanding of the case.

NEGLIGENCE OF DEFENDANT—DAMAGES.—In actions for damages, based on the negligence of the defendant, it is not sufficient to show that the latter was in some manner negligent, but it is necessary to show also that said negligence was the real cause of the accident.

CONTRIBUTORY NEGLIGENCE—DAMAGES—ACCIDENT.—It being alleged by the defendant that the accident was due to the plaintiff's own negligence, and it appearing from the evidence that said negligence in fact existed and in such a degree that without the same the accident could not have occurred, the plaintiff is not entitled to recover for the damages he may have sustained.

The facts are stated in the opinion.

*Messrs. Bosch* and *Soto* for appellant.

*Mr. Henry F. Hord* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment rendered by the District Court of San Juan, Section 1, dismissing a complaint for damages filed by Esteban García Cabrera against The San Juan Light and Transit Company. It is alleged in the complaint that on October 9, 1909, about 11 o'clock p. m., the plaintiff, who is a practicing physician, was returning from Guayama and stopped his automobile between Stops 17 and 18 for the purpose of visiting a patient. That at the moment he was ready to cross the distance between the automobile and the fence of the house to which he was going he was thrown violently upon the road by one of the defendant's electric cars, which was conducted by the employes of said company and was running from San Juan to the Park, thereby receiving injuries on his right arm and leg which kept him in bed and prevented him from practicing his profession for a period of 15 days, besides mental and moral

suffering; that the agents of the defendant negligently failed to give the usual warning by ringing the bell, and so negligent and careless was the speed given by said employes to said car that it was impossible for them to stop the same for a considerable distance from the place of the accident, and that through their negligence and carelessness they caused the injuries sustained by the plaintiff; that the plaintiff suffered damages which he estimates in the sum of $900, more or less.

The defendant company answered the complaint, denying specifically the essential facts thereof, and alleged as a first special defense that if the plaintiff sustained any or all of the alleged damages it was due to his own fault and negligence and not to that of the defendant company or of its employes; and as a second special defense it alleged that if any of the things charged in the complaint occurred to the plaintiff it was unavoidable and inevitable on the part of the defendant.

The plaintiff's evidence consisted of his own testimony and of the testimony of the witnesses, Evaristo Freiría, who was a passenger in the automobile; Luis Torruellas, the *chauffeur;* Wenceslao Bosch and Manuel Guillermety, passengers on the trolley car, and Luis Pagani, motorman. The defendant's evidence consisted of the ocular inspection by the court of the place where the accident occurred.

The district court, after considering the pleadings, the evidence, and the arguments of the attorneys for the parties, rendered judgment against the plaintiff and in favor of the defendant. As grounds for said judgment, the district court delivered an opinion which has not been made a part of the transcript of the record. Although it cannot be said that the record is incomplete on that account, inasmuch as it has already been decided by this Supreme Court that the opinion of the trial judge is not a necessary part of the record, it would have been better practice to have included

the same in said transcript in order that we might have a more thorough understanding of the case.

The acts of negligence imputed by the plaintiff to the defendant are two, to wit: 1, that said defendant did not ring the bell, and 2, that the car was run at great speed.

In regard to the first allegation, nothing is said by either the plaintiff or the motorman. Witness Bosch testified that he "cannot remember whether or not the bell was rung by the motorman prior to the accident." Witness Freiría stated that "the trolley was coming without ringing the bell; that we heard no bell nor any warning, because this would have attracted our attention." Witness Torruellas stated that he "did not see the car coming nor hear any bell ringing"; and, finally, the witness Guillermety testified that he "can positively assert that no bell was rung by the motorman before the accident."

And with respect to the second allegation, nothing either is said by the plaintiff, and the other witnesses testify as follows: Freiría—That "the trolley was coming at great speed; that it looked like a flash, and stopped a long way from the place where the doctor was struck by the same." Bosch—That "the trolley was running rather speedily, inasmuch as after the collision it ran over a distance of at least 200 meters." Torruellas—That "the car was running at great speed." Guillermety—That "the car was coming very quickly." And Pagani—That "the car was coming rather speedily"; that the witness "started from Stop 15, and there being no passengers thereabouts, I proceeded with the corresponding speed, as I had been ordered as motorman to do."

Considering the evidence as a whole, we may arrive at the conclusion: 1. That the motorman did not ring the bell, which fact, under the circumstances of the case, may be considered as an act of negligence chargeable to the defendant. And 2. That the electric car was running at a high rate of

speed, although sufficient means to determine said speed are not available.

In cases of this nature it is not sufficient to show that the defendant is guilty of negligence, but it is necessary to show also that such negligence was the real cause of the accident.

It appears from the plaintiff's evidence itself that the automobile was en route to San Juan and the electric car to Río Piedras; that it is true that it was night time, but there was electric light on the road and, besides, the automobile had its lanterns lighted; that the automobile stopped about 2 meters from the tracks, and upon the doctor leaving the same and taking his first step toward the house of his patient he was thrown upon the road by the electric car.

The evidence introduced by the defendant consisted only of the ocular inspection of the place where the accident occurred. As a result of said inspection, the following was made to appear in the record by order of the trial judge: That he proceeded to Stop 17 of the electric cars on the Santurce Road, which stop is at the head of Condado Street. From this point to the house where the plaintiff, Dr. García Cabrera, was going on the date of the accident on account of which he sues, there is a distance of some 50 meters in the direction of Stop 18. The judge and counsel standing about 2 meters from the track and in front of the door of said house, looking toward San Juan, could distinguish an electric car at a distance of from 250 to 300 meters; and from Stop 17 to Stop 18, running upwards toward Stop 18, there is a slight declivity in the land. About some 20 meters from the door of the aforesaid house, and on the road, there is an electric light.

Considering the evidence in connection with the acts performed by the plaintiff, we can easily arrive at the conclusion that if said plaintiff had looked to both sides of the track he would of necessity have seen the electric car and the accident would not have occurred; and that, moreover, the plain-

tiff having suddenly appeared on the track, it was beyond the power of the motorman to avoid the accident.

Therefore, whether we consider that there was contributory negligence on the part of the plaintiff to such an extent that without it the accident could not have occurred, or whether we consider the same as a casual act which could not have been avoided by the defendant, we cannot recognize any right of the plaintiff to recover from the defendant any sum for the damages he may have sustained, and the trial court committed no error in arriving at this conclusion, for which reason the judgment appealed from must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice Aldrey did not take part in the decision of this case.